IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHARSCHCHANDRA V. BIDARGADDI, INDIVIDUALLY, AND AS NEXT FRIEND OF V. B., A.B. AND D.B., MINORS | § § § § § § | |
| V. | § § § § | Civil Action No. 1:23-CV-00290-RP |
| AMICA MUTUAL INSURANCE COMPANY | § § § § | JURY DEMANDED |

**AGREED MOTION FOR LEAVE TO FILE AMENDED PLEADINGS**

Plaintiff Sharschchandra V. Bidargaddi, Individually and As Next Friend of A.B., V.B. and D.B., Minors ("Plaintiff"), and Defendant Amica Mutual Insurance Company ("Defendant" and, together with Plaintiff, the "Parties") appear to file this Agreed Motion for Leave to Amend Pleadings pursuant to Rule 15 of the Federal Rules of Civil Procedure and the Joint Proposed Scheduling Order (Doc. 8).[1] In support thereof, the Parties would show as follows:

### INTRODUCTION

1. This is a declaratory judgment action arising out of a motor vehicle accident that occurred on June 8, 2019, and Defendant's handling of Plaintiff's underinsured motorist ("UIM") claims relating thereto. Doc. 1-1 at 4. Plaintiff alleges that the underlying accident was caused by Francis Marion Witt III ("Witt"), and that Witt was an "underinsured" driver as that term is defined by the relevant policy of insurance issued by Defendant on behalf of Sharschchandra V. Bidargaddi[2] (the "Policy"). Doc. 1-1 at 5-7. Plaintiff further alleges that, at all relevant times

---

[1] The Proposed Scheduling Order allows the Parties to file motions to amend or supplement pleadings by February 5, 2024. The Parties nevertheless seek leave of court, to the extent necessary.

[2] "Bidargaddi," as used herein, refers to Sharschchandra V. Bidargaddi, individually. The "Bidargaddi Family"

material to this action, the Bidargaddi Family was insured under the Policy and that the Policy insured the Bidargaddi Family in the event they were legally entitled to recover damages from the owner or operator of a motor vehicle (as a result of an automobile accident) in an amount that exceeded the liability limits carried by such owner or operator. Doc. 1-1 at 6. Plaintiff further alleges, among other things, that he satisfied all conditions precedent under the terms and provisions of the Policy, and that the Policy was in full force and effect at the time of the incident in question. Doc. 1-1 at 6.

2.  Plaintiff seeks judicial declarations that Witt was an underinsured motorist at the time of the subject incident and that Plaintiff is entitled to recover damages that fall within the coverage afforded him under the Policy, the findings to specify the amount of damages that Defendant is obligated to pay. Doc. 1-1 at 8.

3.  Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant has filed a general denial with affirmative defenses. Doc. 1-3. 3.

4.  Plaintiff originally filed this action in the 250th Judicial District Court of Travis County, Texas, which Defendant subsequently removed on diversity grounds. Doc. 1.

5.  While the subject of potential settlement talks and discovery, Plaintiff inadvertently failed to expressly request attorney's fees in his Original Petition for Declaratory Judgment (the "Original Complaint"). By this Motion, Plaintiff seeks to amend his Original Complaint to expressly seek his attorney's fees, with Defendant, in turn, being permitted to file a responsive pleading thereto, amending its Original Answer.[3] Neither party will be prejudiced by the contemplated amendments, as evidenced by the fact that the Parties are jointly seeking the

---

refers to Bidargaddi and Minors A.B., V.B. and D. B., collectively.
[3] Both Plaintiff's Original Petition for Declaratory Judgment and Defendant's Original Answer were filed in the state court, prior to the removal. Thus, amending their pleadings will also allow the Parties to conform their respective pleadings to the federal requirements/form.

2

sought after relief.

## STANDARDS FOR LEAVE

6. Leave to amend should be freely given when justice requires it. FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002); *see also Dussouy v. Gulf Coast Inv. Corp.*, 66 F.2d 594, 598 (5th Cir. 1981) (stating it is a policy of the federal rules to permit liberal amendment of pleadings to facilitate determination of claims on merits and to prevent litigation from becoming a technical exercise in fine points of pleading).

7. Some of the factors which courts are to consider include undue or substantial prejudice to the opposing party, repeated failure to cure deficiencies by previous amendments, bad faith or dilatory motive by the movant, frivolity of claims or defenses, or undue delay. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. The substantial prejudice factor often underlies some of the other factors articulated above. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2nd Cir. 2000) (mere delay is not sufficient to justify denial of leave to amend); *Harrison v. Rubin*, 174 F.3d 249, 250 (D.C. Cir. 1999) (without showing of prejudice, delay is not a basis for denying leave to amend merely to clarify legal theories); *see also S&W Enters., L.L.C. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003) (Fifth Circuit considers potential prejudice in allowing amendment and availability of continuance to cure such prejudice, as well as explanation for failure to timely move for leave to amend, and importance of amendment). Cir. 1998).

## LEAVE SHOULD BE GRANTED

8. Here, there will be no prejudice at all, much less substantial prejudice, to the Parties by allowing the amended pleadings at issue. The Parties agree that the proposed

3

amendments are appropriate under the circumstances. Moreover, the proposed amendments do not involve a failure, much less a repeated one, to cure deficiencies by previous amendments, bad faith or dilatory motive, frivolity of claim or undue delay. To the contrary, the proposed amendments are the first amendments of any kind sought by the Parties and, at the end of day, amount to nothing more than an updated picture of the claims/defenses herein, tailored to reflect the federal forum.

## CONCLUSION

9.    For the reasons discussed herein, Plaintiff and Defendant hereby request for leave to file Plaintiff's First Amended Complaint for Declaratory Judgment and Defendant's First Amended Answer, respectively.[4]

WHEREFORE, PREMISES CONSIDERED, Sharschchandra V. Bidargaddi, Individually and As Next Friend of A.B., V.B. and D.B., Minors, and Defendant Amica Mutual Insurance Company jointly request that this Court grant their request for Leave to File Amended Pleadings, and that they be granted such other and further relief to which they may be justly entitled.

Respectfully submitted,

WEINBERG & WEINBERG LLP

By: _____
Michael Weinberg
State Bar No. 24003149

819 Hogan Street
Houston, Texas 77009
(713) 572-1234 (Telephone)
(713) 572-1233 (Facsimile)
mweinberg@weinbergfirm.com

---

[4] Plaintiff's First Amended Complaint for Declaratory Judgment is being filed contemporaneously with the filing hereof. Defendant will thereafter file Defendant's First Amended Answer.

Attorney-in-Charge for Plaintiff Sharschchandra V. Bidargaddi, Individually and As Next Friend of A.B., V.B. and D.B., Minors

WRIGHT & GREENHILL, P.C.

By: *Craig Nevelow /by permission MW/*
Craig A. Nevelow
State Bar No. 14933580

4700 Mueller Blvd., Suite 200
Austin, Texas 78723
(512) 476-4600 (Telephone)
(713) 476-5382 (Facsimile)
CNevelow@w-g.com

**Attorney-in-Charge for Defendant Amica Mutual Insurance Company**

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he has conferred with Defendant's counsel regarding the foregoing motion. Defendant has authorized the undersigned to file the motion as "Agreed."

Michael Weinberg

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 5th day of February 2024.

Michael Weinberg